UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

  v.             11-CR-6051-FPG

WILLIAM H. SCHLIEBENER, JR.,

    Defendant.

### Defendant's Objections to Government's Use of 404(b) Evidence

  I, Jeffrey L. Ciccone, Assistant Federal Public Defender, counsel for the defendant, William Schliebener, hereby file on behalf of the defense objections to the government's proposed introduction of 404(b) evidence.

Dated:  March 31, 2014
      Rochester, New York

                Respectfully submitted,

                 /s/Jeffrey L. Ciccone
                Jeffrey L. Ciccone
                Assistant Federal Public Defender
                28 East Main Street, Suite 400
                Rochester, New York 14614
                585-263-6201
                jeffrey_ciccone@fd.org
                Attorney for William Schliebener

The government has filed notice that it intends to offer evidence at trial pursuant to Federal Rule of Evidence 404(b). (Docket # 71). Specifically, the government seeks to offer evidence concerning unrelated images of suspected child pornography found on a hard drive seized from Mr. Schliebener's residence.

The defense objects to the introduction of such evidence.

## Argument

Federal Rule of Evidence 404(b) prohibits the government from introducing a defendant's prior "bad acts" as evidence of his propensity to commit the crime with which he is currently charged. Such evidence may, however, be admissible to demonstrate proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Fed. R. Evid. 404(b).

The Second Circuit has articulated a four-point analysis to be used when considering the admission of 404(b) evidence. The Court must consider whether "(1) the prior crimes evidence [is] offered for a proper purpose; (2) the evidence [is] relevant to a disputed issue; (3) the probative value of the evidence [is] substantially outweighed by its potential for unfair prejudice pursuant to Rule 403; and (4) an appropriate limiting instruction [is given]." *United States v. McCallum*, 584 F.3d 471, 475 (2d Cir. 2009).

Although the Second Circuit generally follows an "inclusionary" approach, and

allows evidence "for any purpose other than to show a defendant's propensity," *see United States v. Garcia*, 291 F.3d 127 (2d Cir. 2002), "[e]ven under this approach, [] district courts should not presume that such evidence is relevant or admissible." *United States v. Curley*, 639 F.3d 50, 56 (2d Cir. 2011) (citing United *States v. Halper*, 590 F.2d 422, 432 (2d Cir. 1978)).

In the instant matter, Mr. Schliebener is charged with transporting a minor (hereinafter referenced as "S.E.") in interstate commerce for the purposes of engaging in unlawful sexual activity and with using a cellular telephone to entice S.E. to engage in unlawful sexual activity. (*See* Docket # 1). Neither charge requires the consideration of images of child pornography, or computer-related evidence of any kind.

The computer hard drive containing the images of child pornography was allegedly found in Mr. Schilebener's residence in North Carolina at the time of his arrest. Jurisdiction for any charges relating to the possession of such images is within the Middle District of North Carolina. According to representations by the government, it is expected that charges in North Carolina will be forthcoming upon the resolution of the current matter.

The images on the hard drive are not relevant to the pending charges. There have been no allegations that Mr. Schliebener used the images in order to convenience S.E. to travel or that they were shown to S.E. for purposes of enticing

her to engage in sexual activity. Introduction of the images would thus serve no other purpose than to show Mr. Schliebener's propensity to commit the charged offenses.

Even if the Court were to find that the images found on the hard drive were in some way probative of whether Mr. Schliebener committed the charged offenses, such evidence still cannot survive the balancing test required by Federal Rule of Evidence 403. That Rule permits the court to exclude otherwise relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

As stated above, Mr. Schliebener's alleged possession of a computer hard drive containing images of child pornography, which S.E. appears to have been unaware of, would be of very limited probative value. Conversely, the potential prejudicial effect would be substantial. For obvious reasons, displaying images of child pornography will have a significant impact upon the jury's ability to consider the elements of the charged offenses without prejudice or bias. Even if the Court were to issue a limiting instruction, the inflammatory nature of child pornography creates a serious and legitimate concern that the jury will be unable to separately consider the merits of the government's proof. Given that the images do not in anyway address the elements of the charged offenses, their prejudicial effect will significantly outweigh any slight

4

probative value.

Moreover, because charges relating to the suspected images of child pornography must be filed separately in the Middle District of North Carolina, the introduction of such evidence in this matter would impermissibly force Mr. Schliebener to choose between two different constitutional rights. One the one hand, Mr. Schliebener has the absolute right to testify in his own defense. *See Rock v. Arkansas*, 483 U.S. 44, 53 .n 10 (1987) ("the right to testify on one's own behalf in defense to a criminal charge is a fundamental constitutional right"). On the other hand, he also has the right to not incriminate himself. *See* U.S. Const. amend. V ("No person shall be ... compelled in any criminal case to be a witness against himself").

Here, Mr. Schliebener's constitutional rights will necessarily be placed in competition should evidence of uncharged images of child pornography be admitted. He will unjustly be forced to choose between exercising his fundamental right to testify in his own defense and exercising his equally elemental right to remain silent as to uncharged and potentially incriminating conduct. "The law does not force criminal defendants to make [] a Hobson's choice." *See In re Boston Herald, Inc.*, 321 F.3d 174, 188 n. 8 (1st Cir. 2003) (refusing to force a criminal defendant to publically disclose private financial information and thereby choose between right to privacy and right to appointed counsel).

**Conclusion**

For the reasons set forth above, the defense objects to the government's introduction of the noticed 404(b) evidence and requests that such evidence be excluded from use in the government's case in chief.

DATED: March 31, 2014  Respectfully submitted,
Rochester, New York

   /s/Jeffrey L. Ciccone
Jeffrey L. Ciccone
Assistant Federal Public Defender
Federal Public Defender's Office
28 East Main Street, Suite 400
Rochester, New York 14614
585-263-6201
jeffrey_ciccone@fd.org
Attorney for William H. Schliebener, Jr.

TO: Marisa Miller, AUSA
      Tiffany Lee, AUSA
      John Field, AUSA

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

  v.              11-CR-6051-FPG

**WILLIAM H. SCHLIEBENER, JR.,**

  Defendant.

---

**CERTIFICATE OF SERVICE**

  I hereby certify that on March 31, 2014, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

  1.  Marisa Miller, AUSA – marisa.miller@usdoj.gov

  2.  Tiffany Lee, AUSA – tiffany.lee@usdoj.gov

  3.  John Field, AUSA - john.field@usdoj.gov

  And, I hereby certify that I have mailed by the United States Postal Service the document to the following non-CM/ECF participant(s).

  1.

                /s/Judith M. Middleton
                Judith M. Middleton
                Federal Public Defender's Office
                28 E. Main Street, Suite 400
                Rochester, New York 14614
                585-263-6201