IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

v.

11-CR-6051(FPG)

WILLIAM HERBERT SCHLIEBENER, JR.,

Defendant.

_____

## PLEA AGREEMENT

The defendant, WILLIAM HERBERT SCHLIEBENER, JR., and the United States

Attorney for the Western District of New York (hereinafter "the government") hereby enter

into a plea agreement with the terms and conditions as set out below.

## I.  THE PLEA AND POSSIBLE SENTENCE

1.     The defendant agrees to waive indictment and to plead guilty to all counts of a

four-count felony Superseding Information; which charge the following:

(a)    Count 1 charges a violation of Title 18, United States Code, Section

2423(a) (transportation with intent to engage in criminal sexual

activity), for which the mandatory minimum term of imprisonment is

10 years and the maximum term of imprisonment is life, a fine of

$250,000, a mandatory $100 special assessment and a term of supervised release of not less than 5 years up to life; and

(b) Counts 2 through 4 charge a violation of Title 18, United States Code, Section 2251(a) (knowing production of child pornography), for which the mandatory minimum term of imprisonment is 10 years and the maximum term of imprisonment is 20 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of 3 years.

The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.     The defendant agrees to waive any defense based on venue to Counts 2 through 4 in the Superseding Information.

3.     The defendant acknowledges that pursuant to Title 18, United States Code, Section 2259(a), the Court must order restitution for the full amount of the victims' compensable losses as determined by the court.    Defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

2

4.     The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 11 years, without credit for time previously served on supervised release and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life.  As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in Paragraph 1 of this agreement.

5.     The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions:  where the defendant resides;  where the defendant is employed;  and where the defendant is a student.     The defendant understands the requirements for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other information.  The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the defendant's name, residence, employment, or student status.     The

3

defendant has been advised and understands that failure to comply with these obligations

subjects the defendant to prosecution for failure to register under federal law, Title 18, United

States Code, Section 2250, which is punishable by imprisonment, a fine, or both.


## II.  ELEMENTS AND FACTUAL BASIS


6.    The defendant understands the nature of the offenses set forth in Paragraph 1

of this agreement and understands that if this case proceeded to trial, the government would

be required to prove beyond a reasonable doubt the following elements of the crimes:

### Count 1

- a.    That the defendant transported Minor #1, from the State of New York to the State of North Carolina;

- b.    That the defendant did so with the intent that Minor #1 engage in criminal sexual activity; and

- c.    That defendant knew that Minor #1 was under the age of eighteen years at the time of the offense.

### Counts 2-4

- a.    That between on or about the times alleged in the Superseding Information, the victims were under the age of eighteen years; and

- b.    That the defendant employed or used the victim to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and

- c.    The visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce.

4

## FACTUAL BASIS

7.     The defendant and the government agree to the following facts, which form the

basis for the entry of the pleas of guilty including relevant conduct:

a.     Between on or about October 1, 2010 and on or about October 2, 2010, in the Western District of New York and elsewhere, the defendant, William Herbert Schliebener, Jr. (XX/XX/1962), knowingly transported a minor, Minor #1, from Canandaigua, NY, to his residence in Sanford, NC, with the intent that she engage in criminal sexual activity with him. The defendant resided in Sanford, NC. The victim, Minor #1 (XX/XX/1996) resided in Canandaigua, NY, in the Western District of New York. Minor #1 communicated with the defendant using her Blackberry Curve cell phone. The defendant knew that Minor #1 was not yet 18 years of age and Minor #1 knew the defendant to be 48 years of age.

b.     The defendant and Minor #1 exchanged text messages. In the messages, the defendant texted Minor #1 that he loved her and sent texts about having sex with Minor #1.

c.     The defendant made arrangements to drive to Canandaigua, NY to pick Minor #1 up at a relative's house. The defendant told Minor #1 that he would pick her up on October 1, 2010.

d.     Late on or about October 1, 2010, and into the early morning hours of October 2, 2010, the defendant arrived in the Western District of New York where Minor #1 was waiting for him. The defendant picked Minor #1 up in a van and the two began driving to North Carolina, arriving in Sanford, NC late in the day on October 2, 2010.

e.     Following the discovery of Minor #1 at the defendant's residence in North Carolina, in or about October 2010, law enforcement seized computers and computer-related media from the defendant's residence. Among the items recovered on the media included image files depicting minors engaging in sexually explicit conduct with the defendant.   One of the images was created in 2000 and involves the use of Minor #2, a relative of the defendant, who was approximately 13 years of age when the image was created.

f.    Another image recovered from the defendant's computer involves Minor #3 who was approximately between the ages of 4 to 6 when the image was created.  The image depicts defendant engaging in sexually explicit conduct with Minor #3, who is a relative of the defendant.  The image displays a creation date of April 6, 2003.

g.    A third image recovered from the defendant's computer involves Minor #4, who was approximately between the ages of 3 to 5 when the image was created.  Minor #4 was left in the custody and care of the defendant. The image depicts defendant engaging in sexually explicit conduct with Minor #4.  The image displays a creation date of July 10, 2003.

h.    Each of the images depicting Minor #2, Minor #3 and Minor #4 were located on digital media, which was manufactured outside of the State of North Carolina, and thus the images were produced using materials that had traveled in interstate and foreign commerce.

## III.   SENTENCING GUIDELINES

8.    The defendant understands that the Court must consider but is not bound by

the Sentencing Guidelines (Sentencing Reform Act of 1984).

## COUNT 1 (Transportation of Minor #1)

## BASE OFFENSE LEVEL

9.    The government and the defendant agree that Guidelines  § 2G1.3(a)(3) (Guidelines Manual effective November 1, 2011) applies to the offense of conviction for Count 1 and provides for a base offense level of **28**.

6

## SPECIFIC OFFENSE CHARACTERISTICS

### U.S.S.G. CHAPTER 2 ADJUSTMENTS

10.     The government and the defendant agree that the following specific offense

characteristics do apply:

a.      the two level increase pursuant to Guidelines § 2G1.3(b)(2)(B) (offense
        involved undue influence of the minor); and

b.      the two level increase pursuant to Guidelines § 2G1.3(b)(3)(A) (offense
        involved use of a computer).

The government believes that the following specific offense characteristic applies:

c.      the two level increase pursuant to Guidelines § 2G1.3(b)(4) (offense
        involved commission of a sex act).

The defendant reserves the right to argue against the enhancement based on the application of

this specific offense characteristic.

### ADJUSTED OFFENSE LEVEL

11.     Based on the foregoing, and if §2G1.3(b)(4) applies, it is the understanding of

the government and the defendant that the adjusted offense level for the offense of conviction

for Count 1 is 34.

7

## COUNT 2 (Production of Child Pornography involving Minor #2)

### BASE OFFENSE LEVEL

12.     The government and the defendant agree that Guidelines   § 2G2.1(a)
(Guidelines Manual effective November 1, 1998) applies to the offense of conviction for
Count 2 and provides for a base offense level of 27.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

13.     The government and the defendant agree that the following specific offense
characteristics do apply:

   (a)     the two level increase pursuant to Guidelines § 2G2.1(b)(1)(B) (offense
           involved minor who had not attained the age of 16); and

   (b)     the two level increase pursuant to Guidelines § 2G2.1(b)(2)(offense
           involved minor who is a relative of the defendant).

### ADJUSTED OFFENSE LEVEL

14.     Based on the foregoing, it is the understanding of the government and the
defendant that the adjusted offense level for the offense of conviction for Count 2 is 31.

8

## COUNT 3 (Production of Child Pornography involving Minor #3)

### BASE OFFENSE LEVEL

15.    The government and the defendant agree that Guidelines    § 2G2.1(a)
(Guidelines Manual effective November 1, 2002) applies to the offense of conviction for
Count 3 and provides for a base offense level of 27.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

16.    The government and the defendant agree that the following specific offense
characteristics do apply:

(a)    the four level increase pursuant to Guidelines § 2G2.1(b)(1)(A) (offense
involved minor who had not attained the age of 12); and

(b)    the two level increase pursuant to Guidelines § 2G2.1(b)(2)(offense
involved minor is a relative of  the defendant).

### ADJUSTED OFFENSE LEVEL

17.    Based on the foregoing, it is the understanding of the government and the
defendant that the adjusted offense level for the offense of conviction for Count 3 is 33.

9

## COUNT 4 (Production of Child Pornography involving Minor #4)

### BASE OFFENSE LEVEL

18.     The government and the defendant agree that Guidelines   § 2G2.1(a) (Guidelines Manual effective November 1, 2002) applies to the offense of conviction for Count 4 and provides for a base offense level of 27.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

19.     The government and the defendant agree that the following specific offense characteristics do apply:

(a)     the four level increase pursuant to Guidelines § 2G2.1(b)(1)(A) (offense involved minor who had not attained the age of 12); and

(b)     the two level increase pursuant to Guidelines § 2G2.1(b)(2)(offense involved minor in custody and control of the defendant).

### ADJUSTED OFFENSE LEVEL

20.     Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction for Count 4 is 33.

10

## IMPACT OF COUNTS 2 through 4 ON COUNT 1
## OF THE GUIDELINES CALCULATIONS

21.     Pursuant to Guidelines § 3D1.4, whether § 2G1.3(b)(4) applies or not, because there is between a one (1) to three (3) level difference amongst the groups, this results in a total of 4 units, which results in the addition of four (4) levels to the highest Guidelines calculation.   Thus, if § 2G1.3(b)(4) applies, the total adjusted offense level for all the offenses is **38**.   If § 2G1.3(b)(4) does not apply, the total adjusted offense for all the offenses is **37**.

## ACCEPTANCE OF RESPONSIBILITY

22.     At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of **35** if § 2G1.3(b)(4) applies, and a total offense level of **34** if § 2G1.3(b)(4) does not apply.

## CRIMINAL HISTORY CATEGORY

23.     It is the understanding of the government and the defendant that the defendant's criminal history category is I.   The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase.   The defendant understands that the

11

defendant has no right to withdraw the pleas of guilty based on the Court's determination of the defendant's criminal history category.

### GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

24.     It is the understanding of the government and the defendant that, if § 2G1.3(b)(4) applies, with a total offense level of **35** and criminal history category of I, the defendant's sentencing range would be **a term of imprisonment of 168 to 210 months, a fine of \$20,000 to \$200,000, and a period of supervised release of 5 years up to life**. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the mandatory minimum and maximum penalties set forth in Paragraph 1 of this agreement. The minimum term of imprisonment for each offense of conviction in Counts 1 - 4 is 120 months.

25.     It is the further understanding of the government and the defendant that, if § 2G1.3(b)(4) does not apply, with a total offense level of **34** and criminal history category of I, the defendant's sentencing range would be **a term of imprisonment of 151 to 188 months, a fine of \$17,500 to \$175,000, and a period of supervised release of 5 years up to life**. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the mandatory minimum and maximum penalties set forth in Paragraph 1 of this agreement. The minimum term of imprisonment for each offense of conviction in Counts 1 - 4 is 120 months.

26. The government and the defendant agree to correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

27. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the pleas of guilty based on the sentence imposed by the Court.

## IV. STATUTE OF LIMITATIONS

28. In the event the defendant's pleas of guilty are withdrawn, or convictions vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to transportation of a minor, enticement and coercion of a minor, and production of child pornography which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty pleas or vacating of the convictions become final.

13

## V.  GOVERNMENT RIGHTS AND RESERVATIONS

29.     The defendant understands that the government has reserved the right to:

a.      provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.      respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.      advocate for a specific sentence including the amount of restitution and/or fine and the method of payment;

d.      modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation or factor; and

e.      oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

30.     At sentencing, the government will move to dismiss the open count pending against the defendant under Indictment 11-CR-6051.

31.     The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

14

## VI.  APPEAL RIGHTS

32.     The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however, knowingly waives the right to appeal, modify pursuant to Title 18, United States Code, Section 3582(c)(2) and collaterally attack any component of a sentence imposed by the Court which falls within or is less than a term of imprisonment, a fine and supervised release set forth in Section III, Paragraph 24 above, notwithstanding the manner in which the Court determines the sentence.

33.     The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

34.     The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than a term of imprisonment, a fine and supervised release set forth in Section III, Paragraph 25 above, notwithstanding the manner in which the Court determines the sentence.  However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

15

## VII.  FORFEITURE PROVISIONS

35.    As a result of his conviction for the foregoing offense alleged in Counts 1 through 4 of the Superseding Information, the defendant agrees to criminally forfeit to the United States pursuant to Title 18, United States Code, Sections 2253(a)(1) and (a)(3), any visual depiction described in Title 18, United States Code, Section 2252A, or any property which contains any such visual depiction, and any and all property, real and personal, used or intended to be used to commit or to promote the commission of such offense, and all property traceable to such property, including but not limited to the following:

(a)    Computer media seized from William Herbert Schliebener, Jr.'s residence in or about October 2010.

36.    The defendant also agrees that the property listed above is properly forfeitable to the United States pursuant to Title 18, United States Code, Sections 2253(a)(1) and (a)(3). The defendant further agrees to fully assist the government in the forfeiture of the aforementioned property and to take whatever steps are necessary to pass clear title to the United States, including, but not limited to surrender of title and execution of any documents necessary to transfer the defendant's interest in any of the above property to the United States, as deemed necessary by the government.

37.    After the acceptance of the Pleas of Guilty, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the government will request a Preliminary Order of Forfeiture covering the items listed in Paragraph 35, above.  The defendant hereby waives

16

any right to notice of such <u>Preliminary Order of Forfeiture</u>.   The defendant further consents and agrees that the <u>Order of Forfeiture</u> shall become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the Judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

38.     The defendant agrees to the entry of an Order of Forfeiture for the aforementioned property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.   Defendant acknowledges that he understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty pleas are accepted.

39.     The defendant agrees that forfeiture of the aforementioned property as set forth in this agreement shall not be deemed an alteration of the defendant's sentence.   Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

40.     The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets and imposition of a civil penalty.   The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable

17

defenses to the forfeiture in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding.   The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.


41.     The defendant further waives any right to appeal or collaterally attack any matter in connection with the forfeiture of the item listed in Paragraph 33 as provided in this agreement.

## VIII.   TOTAL AGREEMENT AND AFFIRMATIONS


42.     This plea agreement represents the total agreement between the defendant, WILLIAM HERBERT SCHLIEBENER, JR. and the government.   There are no promises made by anyone other than those contained in this agreement.   This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

WILLIAM J. HOCHUL, JR.
United States Attorney
Western District of New York

BY:

MARISA J. MILLER
Assistant U.S. Attorney
United States Attorney's Office

Dated: April 4, 2014

18

I have read this agreement, which consists of 19 pages. I have had a full opportunity to discuss this agreement with my attorney, Jeffrey L. Ciccone, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

WILLIAM HERBERT SCHLIEBENER, JR.
Defendant

JEFFREY L. CICCONE, ESQ.
Attorney for the Defendant

Dated: April 4, 2014

Dated: April 4, 2014

19