IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

               v.

11-CR-6051(FPG)

WILLIAM HERBERT SCHLIEBENER, JR.,

               Defendant.

_____

## STATEMENT OF THE GOVERNMENT
## WITH RESPECT TO SENTENCING FACTORS

**PLEASE TAKE NOTICE**, that the government adopts the findings of the Presentence Report with respect to sentencing factors except as to the determination to apply the 2013 edition of the Sentencing Guidelines Manual to Counts 1 through 4 of the Superseding Information.  The plea agreement differs from the Sentencing Guideline calculation in the Presentence Report in that the plea agreement found that the 2011 edition of the Sentencing Guidelines Manual applied to Count 1, and the 1998 edition of the Sentencing Guidelines Manual applied to Counts 2 – 4.  Pursuant to *United States v. Lawlor*, 168 F.3d 633 (2d Cir. 1999), the government is bound to advocate for the calculations in the plea agreement, that is, the defendant should be imprisoned to 168 to 210 months, fined $20,000 - $200,000, and be placed on supervised release for between 5 years and life.

The government advocates for the maximum possible Guideline sentence contemplated by the parties in the plea agreement.  The defendant is a dangerous, repeat sexual predator who needs to be removed from society, and eventually, after release from prison, closely supervised even into his twilight years to ensure that he has no opportunity to victimize other children.  There is no need here to repeat the detailed and substantial

findings of the pre-sentence report.  Suffice it to say the defendant repeatedly recorded his rape and molestation of three young children (including relatives of his), and is so completely unable to control his deviant sexual urges that he drove from North Carolina to New York and back to North Carolina in order to abduct a 14-year old girl for the purpose of essentially making her his sex slave.

Should the defendant present any letters of support or sentencing statement to the Court, the United States will move to strike the items from the record if this office is not provided with copies at least three business days prior to sentencing.

The defendant is required by 18 U.S.C. § 3013 to pay the sum of $400.00 at the time of sentencing on each count.  Immediately after sentencing, the defendant must pay the amount due by personal check, cashier's check or certified funds to the United State District Court Clerk.

It is requested that the Court order that all financial obligations be due immediately. In the event the defendant lacks the ability to immediately pay the financial obligations in full, it is requested that the Court set a schedule for payment of the obligations.

In the event present counsel for the defendant will continue to represent the defendant after sentencing in regard to the collection of unpaid financial obligation(s), it is requested that a letter so advising be sent to:

> Asset Forfeiture/Financial Litigation Unit
> U.S. Attorney's Office--WDNY
> 138 Delaware Avenue
> Buffalo, New York 14202

If a letter is not received within 10 days of sentencing, the defendant will be directly contacted regarding collection of the financial obligations.

Upon the ground that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently, the government hereby moves the Court to apply the additional one (1) level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. §3E1.1(b).

DATED:     Rochester, New York,
                    November 12, 2014

                                                        WILLIAM J. HOCHUL, JR.
                                                        United States Attorney
                                                        Western District of New York

                                            BY:     /s/JOHN J. FIELD
                                                        Assistant U.S. Attorney
                                                        U.S. Attorney's Office
                                                        100 State Street, Suite 500
                                                        Rochester, New York  14614
                                                        Tel.:  (585) 263-6760

TO:     Jeffrey Ciccone, Esq.
            David Spogen, U.S.P.O.

3