1                  UNITED STATES DISTRICT COURT

2                  WESTERN DISTRICT OF NEW YORK

3

4

5    - - - - - - - - - - - - -X
     UNITED STATES OF AMERICA            11-CR-6051(G)
6
     vs.
7                                        Rochester, New York
     WILLIAM H. SCHLIEBENER, JR.,        April 4, 2014
8            Defendant.                  2:00 p.m.
     - - - - - - - - - - - - -X
9

10

11                   TRANSCRIPT OF PROCEEDINGS
           BEFORE THE HONORABLE FRANK P. GERACI, JR.
12                 UNITED STATES DISTRICT JUDGE

13

14                 WILLIAM J. HOCHUL, JR., ESQ.
                   United States Attorney
15                 BY: MARISA J. MILLER, ESQ.
                   Assistant United States Attorney
16                 6200 Federal Building
                   Rochester, New York 14614
17
                   MARIANNE MARIANO, ESQ.
18                 Federal Public Defender
                   BY: JEFFREY CICCONE, ESQ.
19                 Assistant Federal Public Defender
                   28 East Main Street, Suite 400
20                 Rochester, New York 14614
                   Appearing on behalf of the Defendant
21

22

23
     COURT REPORTER:   Christi A. Macri, FAPR, RMR, CRR, CRI
24                     Kenneth B. Keating Federal Building
                       100 State Street, Room 2120
25                     Rochester, New York 14614

<u>**P R O C E E D I N G S**</u>

\*          \*          \*

(**WHEREUPON**, the defendant is present).

**THE COURT:**  Are you William Herbert Schliebener?

02:05:22PM **THE DEFENDANT:**  Yes, sir.

**THE COURT:** Okay.  This matter was on for a pretrial conference this afternoon and a jury trial on Monday.  It's my understanding Mr. Schliebener wishes to proceed with a plea at this time.

02:05:32PM **MR. CICCONE:** Yes, Your Honor.

**THE COURT:** Okay.  Mr. Schliebener, over the next several minutes I'll be asking you a serious of questions related to this plea.  If there's anything you don't understand, take a step back and ask Mr. Ciccone.

02:05:46PM Do you understand?

**THE DEFENDANT:**  Okay.

**THE COURT:** If you want to ask the Court any questions, feel free to do that.  However, I'd first ask you to ask Mr. Ciccone the question before you ask any questions

02:05:55PM of the Court.

The Government's represented by Ms. Miller.

Now, Mr. Schliebener, have you had a chance to review this plea agreement --

**THE DEFENDANT:**  Yes, sir.

02:06:04PM **THE COURT:** -- with your attorney?

1        **THE DEFENDANT:**  Yes, sir.

2        **THE COURT:** I'm going to place you under oath.  If,

3    in fact, you were to give any false statements to the Court

4    while we have our conversation, do you understand you could be

02:06:14PM 5    charged with a separate crime of perjury?

6        **THE DEFENDANT:**  Yes, sir.

7        **THE COURT:** At this time the clerk will place you

8    under oath.

9        (**WHEREUPON**, the defendant was sworn).

02:06:24PM 10       **THE COURT:**  You did have a chance to review this

11   plea agreement with Mr. Ciccone?

12       **THE DEFENDANT:**  Yes, sir.

13       **THE COURT:** Are you satisfied with his

14   representation?

02:06:35PM 15      **THE DEFENDANT:**  Yes, sir.

16       **THE COURT:** Okay.  Do you understand that you have a

17   right to have an attorney present through any of these

18   proceedings through and including sentencing?

19       **THE DEFENDANT:**  Yes, sir.

02:06:42PM 20      **THE COURT:** Okay.  Is anybody forcing you or

21   coercing you into this plea?

22       **THE DEFENDANT:**  No, sir.

23       **THE COURT:** Okay.  How old are you?

24       **THE DEFENDANT:**   I'll be 52 this year in August.

02:06:53PM 25      **THE COURT:** How far did you go in school?

1         **THE DEFENDANT:** Three, four years in college.

2         **THE COURT:** Are you currently taking any medications

3 or drugs?

4         **THE DEFENDANT:** I take Aleve every morning and

02:07:05PM 5 every night, and I take a 81 milligram baby aspirin every

6 morning.

7         **THE COURT:** Is any of that effecting your ability

8 to understand anything that's being said?

9         **THE DEFENDANT:** No, sir.

02:07:14PM 10         **THE COURT:** Okay. Do you have any other physical or

11 mental condition effecting your ability to understand

12 anything?

13         **THE DEFENDANT:** No, sir.

14         **THE COURT:** Okay. Now, you do understand that this

02:07:23PM 15 matter was scheduled for a jury trial Monday?

16         **THE DEFENDANT:** Yes, sir.

17         **THE COURT:** Do you understand when you plead guilty,

18 you're giving up your right to have that trial?

19         **THE DEFENDANT:** Yes, sir.

02:07:30PM 20         **THE COURT:** You're giving up your right to have the

21 prosecution, the Government prove this case against you.

22         **THE DEFENDANT:** Yes, sir.

23         **THE COURT:** You're giving up your right to allow

24 Mr. Ciccone or an attorney on your behalf to cross-examine

02:07:42PM 25 witnesses.

1          **THE DEFENDANT:**   Yes, sir.

2          **THE COURT:** You're giving up your right to testify

3   or present any evidence.

4          Do you understand all that?

02:07:47PM 5          **THE DEFENDANT:**  Yes, sir.

6          **THE COURT:** When you plead guilty, do you understand

7   that it has the same force and effect as if a jury had

8   returned a verdict?

9          **THE DEFENDANT:**  Yes, sir.

02:07:58PM 10          **THE COURT:** Okay.  At this time I'm going to review

11   with you a plea agreement.  Again, stop me if there's

12   something you don't understand.

13          Mr. Schliebener, this indicates that you've agreed

14   to waive indictment and plead guilty to a four count

02:08:18PM 15   superseding information.

16          Do you understand that?

17          **THE DEFENDANT:**  Yes, sir.

18          **THE COURT:** And do you understand what it means to

19   waive indictment?

02:08:26PM 20          **THE DEFENDANT:**  Mr. Ciccone mentioned that to me

21   this morning to understand it a little bit better, yes, sir.

22          **THE COURT:** Okay.  What it means to waive indictment

23   means that you're giving up your right to have these charges

24   presented to a grand jury.

02:08:38PM 25          Do you understand that?

1          **THE DEFENDANT:** Yes.

2          **THE COURT:** Instead of an indictment filed by a

3 grand jury, you are being prosecuted by a superseding

4 information filed by the United States Attorney's Office.

02:08:49PM 5          Do you understand that as well?

6          **THE DEFENDANT:** Yes, sir.

7          **THE COURT:** And that superseding information has the

8 same force and effect as an indictment filed by a grand jury.

9          Do you understand all that?

02:08:57PM 10          **THE DEFENDANT:** Yes, sir.

11          **THE COURT:** Okay.  And do you understand that

12 superseding information will charge you with transportation of

13 a minor occurring between October 1st, 2010 and October 2nd,

14 2010, in the Western District of New York; knowing production

02:09:15PM 15 of child pornography in Count 2 occurring in the Middle

16 District of North Carolina in the year 2000; the third count,

17 knowing production of child pornography occurring April 6th,

18 2003, in the Middle District of North Carolina; and the fourth

19 count, knowing production of child pornography occurring

02:09:39PM 20 July 10th, 2003, in the Middle District of North Carolina.

21          Do you understand those are the charges contained

22 in that superseding information?

23          **THE DEFENDANT:** Yes, sir.

24          **THE COURT:** Okay.

02:09:50PM 25          **MS. MILLER:** Your Honor, I apologize for

1   interrupting the Court.  As we stand here, I'm realizing

2   North Carolina is rather bizarrely shaped in the way that the

3   districts are drawn.

4          It's my understanding that Mr. Schliebener was

02:10:03PM 5   living in the Middle District at the time that these charges

6   occurred.

7          However, I believe at the time of the Counts 2, 3

8   and 4 he was living in Godwin, North Carolina, which is the

9   Eastern District.

02:10:17PM 10          So I guess I would ask the Court's leave that I be

11   permitted to amend the superseding information to correct the

12   actual district in which that conduct occurred.

13          **THE COURT:** Would that be for Counts 2, 3 and 4?

14          **MS. MILLER:**  Yes, Your Honor.

02:10:32PM 15          **THE COURT:** Any objection to that?

16          **MR. CICCONE:** No objection.

17          **THE COURT:** Eastern District?

18          **MS. MILLER:**  It is the Eastern District, yes, Your

19   Honor.

02:10:43PM 20          **THE COURT:** Do you understand that, Mr. Schliebener?

21   That the superseding information is amended to reflect that

22   Counts 2, 3 and 4, which all involve knowing production of

23   child pornography, actually occurred in the Eastern District

24   of North Carolina?

02:11:10PM 25          Do you understand that?

1　　　　　　　**THE DEFENDANT:**  Yes, sir.

2　　　　　　　**THE COURT:** Okay.  Now, regarding Count 1,

3　transportation of a minor, which is transportation with intent

4　to engage in criminal sexual activity, do you understand that

02:11:25PM 5　that charge carries a mandatory minimum term of 10 years

6　incarceration?

7　　　　　　　**THE DEFENDANT:**  Yes, sir.

8　　　　　　　**THE COURT:** A maximum term of life imprisonment.

9　　　　　　　**THE DEFENDANT:**  Yes, sir.

02:11:33PM 10　　　　　　　**THE COURT:** A fine of $250,000, a mandatory $100

11　special assessment, and a term of supervised release of

12　between five years and up to life.

13　　　　　　　Do you understand that?

14　　　　　　　**THE DEFENDANT:**  Yes, sir.

02:11:47PM 15　　　　　　　**THE COURT:** Okay.  If you're hesitant, just ask

16　Mr. Ciccone.

17　　　　　　　**THE DEFENDANT:**  I wanted to ask a question about

18　that, but I never really -- I keep forgetting it.

19　　　　　　　**THE COURT:** Take a step back and ask him.

02:12:27PM 20　　　　　　　**THE DEFENDANT:** I understand it now.

21　　　　　　　**THE COURT:** All set?

22　　　　　　　**THE DEFENDANT:**  Yes.

23　　　　　　　**THE COURT:** Okay, great.  Do you understand further

24　Counts 2 through 4, which charge you with knowing production

02:12:36PM 25　of child pornography, carries a mandatory minimum term of

1 imprisonment of 10 years, and a maximum term of imprisonment

2 of 20 years?

3         **THE DEFENDANT:** Yes, sir.

4         **THE COURT:** A fine of $250,000, a mandatory $100

02:12:51PM 5 special assessment, and a term of supervised release of three

6 years.

7         Do you understand all that?

8         **THE DEFENDANT:** Yes, sir.

9         **THE COURT:** Now, do you understand that you're

02:13:01PM 10 pleading guilty here in the Western District of New York, and

11 Counts 2, 3 and 4 all occurred in the Eastern District of

12 North Carolina. And based upon that, through this plea

13 agreement you're waiving any defense based upon venue or the

14 place where the crime occurred?

02:13:21PM 15         Do you understand that?

16         **THE DEFENDANT:** Yes, sir.

17         **THE COURT:** Do you understand the Court must order

18 restitution for the full amount of the victims' compensable

19 losses as determined by the Court?

02:13:35PM 20         **THE DEFENDANT:** Yes, sir.

21         **MS. MILLER:** Your Honor, I'll just put on the

22 record that at this point the Government has not received any

23 such requests.

24         **THE COURT:** Thank you. If you were sentenced to a

02:13:48PM 25 period of supervised release and you violated the conditions

1   of supervised release, that you could receive a sentence in

2   prison up to 11 years without credit for the time you served

3   on supervised release.

4               Do you understand that?

02:14:01PM 5          **THE DEFENDANT:**  Yes, sir.

6          **THE COURT:** And that if you committed any criminal

7   offenses specified here -- what are these specifically?

8          **MS. MILLER:**  Chapters 109, 117 and 110 relate to

9   child exploitation, receipt, child pornography, as well as the

02:14:21PM10   enticement, transportation, coercion offenses.

11          **THE COURT:** Do you understand if you were to commit

12   any of those particular offenses for which there's a term of

13   greater than one year to be imposed, that you shall be

14   sentenced to a term of imprisonment of not less than five

02:14:38PM15   years up to life if you violated the conditions of supervised

16   release?

17          **THE DEFENDANT:**  Yes, sir.

18          **THE COURT:** Okay.  Do you understand that once

19   convicted of these offenses, that you would be required to

02:14:49PM20   register under the Sex Offender Registration Notification Act?

21          **THE DEFENDANT:**  Yes, sir.

22          **THE COURT:** And that would mean you would have to

23   notify any local authorities where you may reside, where you

24   live, where you're employed or where you may be a student.

02:15:02PM25               Do you understand that?

1              **THE DEFENDANT:**  Yes, sir.

2              **THE COURT:** And do you understand it's a separate

3    crime if you fail to register once required?

4              **THE DEFENDANT:**  Yes, sir.

02:15:08PM 5   **THE COURT:** I'm going to review with you the

6    elements of these particular offenses as well as the factual

7    basis for those.

8              First the elements.  Now, this is what the

9    Government would have to prove beyond a reasonable doubt in

02:15:25PM 10  order to have a jury or court find you guilty of these

11   charges.

12             Do you understand that?

13             **THE DEFENDANT:**  Yes, sir.

14             **THE COURT:** First, regarding the first count,

02:15:33PM 15  transportation of a minor, the Government would have to prove

16   beyond a reasonable doubt first that you as the defendant

17   transported a minor referred to here as Minor No. 1 from the

18   State of New York to the State of North Carolina.

19             Do you understand that?

02:15:49PM 20  **THE DEFENDANT:**  Yes, sir.

21             **THE COURT:** Second, that you as the defendant did so

22   with the intent that Minor No. 1 engage in criminal sexual

23   activity.

24             **THE DEFENDANT:**  Yes, sir.

02:16:00PM 25  **THE COURT:** And, third, that you as the defendant

1   knew that Minor No. 1 was under the age of 18 --

2             **THE DEFENDANT:**  Yes, sir.

3             **THE COURT:** -- years at the time of the offense.

4             Do you understand all that?

02:16:09PM 5             **THE DEFENDANT:**  Yes, sir.

6             **THE COURT:**  Okay.  Regarding Counts 2, 3 and 4, the

7   Government would have to prove the following elements beyond a

8   reasonable doubt.

9             First, that all the victims as part of that knowing

02:16:23PM 10   production of child pornography were under the age of 18.

11            **THE DEFENDANT:**  Yes, sir.

12            **THE COURT:** That you as the defendant employed or

13  used the victim to take part in sexually explicit conduct for

14  the purpose of producing a visual depiction of such conduct.

02:16:41PM 15            **THE DEFENDANT:**  Yes, sir.

16            **THE COURT:** And, third, that the visual depiction

17  was produced using materials that had been mailed, shipped,

18  transported across state lines or in foreign commerce.

19            Do you understand that?

02:16:52PM 20            **THE DEFENDANT:**  Yes, sir.

21            **THE COURT:**  Okay.  I'm going to discuss with you the

22  factual basis.  This is what the Government alleges was your

23  specific relevant conduct.  Let me know if you agree with

24  this.

02:17:06PM 25            First of all, between October 1st, 2010, and

1  October 2nd, 2010, you as the defendant, William Herbert

2  Schliebener, were born in 1962.

3  Is that right?

4  **THE DEFENDANT:**  Yes, sir.

02:17:21PM 5  **THE COURT:**  That you knowingly transported a minor,

6  referred to as Minor No. 1, from Canandaigua, New York to your

7  residence in Sanford, North Carolina.

8  Is that right?

9  **THE DEFENDANT:**  Yes, sir.

02:17:32PM 10  **THE COURT:** You transported that person with the

11  intent that she engage in criminal sexual activity with you.

12  Is that right?

13  **THE DEFENDANT:**  Yes, sir.

14  **THE COURT:** That you resided in Sanford,

02:17:45PM 15  North Carolina at the time?

16  **THE DEFENDANT:**  Yes, sir.

17  **THE COURT:** That the minor victim, Minor No. 1 as

18  she's referred to here, resided in Canandaigua, New York.

19  Is that right?

02:18:01PM 20  **THE DEFENDANT:**  Yes, sir.

21  **THE COURT:** Minor No. 1 communicated with you using

22  a Blackberry Curve cell phone?

23  **THE DEFENDANT:**  That's what -- I've been told that,

24  yes.

02:18:13PM 25  **THE COURT:** But as far as you know, it was a cell

1  phone?

2          **THE DEFENDANT:**  A cell phone.  That's all I know

3  about it.

4          **THE COURT:** Okay.  And that you knew that Minor

02:18:21PM 5  No. 1 was not yet 18 years of age.

6                  Is that correct?

7          **THE DEFENDANT:**  Yes, sir.

8          **THE COURT:** And at the time that you were 48 years

9  of age?

02:18:27PM 10          **THE DEFENDANT:**  Yes, sir.

11          **THE COURT:** Okay.  That you and this Minor No. 1

12  exchanged text messages.

13                  Is that correct?

14          **THE DEFENDANT:**  Yes, sir.

02:18:35PM 15          **THE COURT:** That in the text message you indicated

16  to Minor No. 1 that you loved her.

17          **THE DEFENDANT:**  Yes, sir.

18          **THE COURT:** And sent texts about having sexual

19  activity with her.

02:18:49PM 20                  Is that correct?

21          **THE DEFENDANT:**  Yes, sir.

22          **THE COURT:** That you made arrangements to drive to

23  Canandaigua, New York and pick up Minor No. 1.

24                  Is that correct?

02:19:01PM 25          **THE DEFENDANT:**  Yes, sir.

 1          **THE COURT:** Okay.  And that you told Minor No. 1
 2  that you would pick her up on October 1st, 2010.
 3          Is that right?
 4          **THE DEFENDANT:**  Yes, sir.
 02:19:08PM 5          **THE COURT:** That, in fact, late on or about
 6  October 1st or into the early morning of October 2nd, that you
 7  arrived in the Western District of New York where Minor No. 1
 8  was waiting for you.
 9          Is that right?
 02:19:22PM 10          **THE DEFENDANT:**  Yes, sir.
11          **THE COURT:** You then picked up Minor No. 1 in a van
12  and drove to North Carolina with her.
13          Is that correct?
14          **THE DEFENDANT:**  Yes, sir.
 02:19:30PM 15          **THE COURT:** You arrived back in Sanford,
16  North Carolina late in the day on October 2nd, 2010.
17          **THE DEFENDANT:**  Yes, sir.
18          **THE COURT:** Minor No. 1 was discovered at your
19  residence in North Carolina.
 02:19:41PM 20          Is that right?
21          **THE DEFENDANT:**  Yes, sir.
22          **THE COURT:** At that time law enforcement seized
23  certain computers and computer-related media from your
24  residence.
 02:19:52PM 25          **THE DEFENDANT:**  Yes, sir.

1          **THE COURT:** Among those items that were recovered on

2     the media were images depicting minors engaging in sexual

3     explicit conduct with you.

4          Is that right?

02:20:04PM 5          **THE DEFENDANT:**  Yes, sir.

6          **THE COURT:** One of the images that was created in

7     the year 2000 involved the use of an individual identified as

8     Minor No. 2, who was apparently a relative of yours.

9          Is that right?

02:20:19PM 10          **THE DEFENDANT:**  Yes, sir.

11          **THE COURT:** Okay.  What?

12          **MR. CICCONE:** It's confusing, Judge, because we

13     don't know who --

14          **THE DEFENDANT:**  I don't know which ones they're

02:20:27PM 15     referring to.

16          **THE COURT:** Do you want to give initials anyways?

17          **MS. MILLER:**  Yes.

18          **THE COURT:** That would be helpful so we need --

19          **MS. MILLER:**  I can certainly do that.  Minor

02:20:39PM 20     No. 2, the individual's initials are C.S.

21          **THE DEFENDANT:**  Okay.

22          **THE COURT:**  Is that correct?

23          **THE DEFENDANT:**  Yeah.

24          **THE COURT:** That person was a relative of yours?

02:20:46PM 25          **THE DEFENDANT:**  Yes, sir.

1          THE COURT: Approximately 13 years of age?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT: And that's 13 years of age when the

4    image was created?

02:20:55PM 5          THE DEFENDANT:  That's the date, yes.

6          THE COURT: In the year 2000, around there?

7          THE DEFENDANT:  Mm-hmm.

8          THE COURT: That there was another image recovered

9    from your computer involving Minor No. 3 whose initials are?

02:21:10PM 10          MS. MILLER:  B.M.

11          THE COURT: Who was approximately between the ages

12    of 4 to 6 when the image was created.

13          Is that correct?

14          THE DEFENDANT:  I think so, yes, sir.

02:21:38PM 15          THE COURT: Okay.  And that particular image depicts

16    you engaged in sexually explicit conduct with that individual

17    B.M. who is also a relative of yours.

18          Is that correct?

19          THE DEFENDANT:  Yes, sir.

02:21:49PM 20          THE COURT: Apparently this image displays a

21    creation date of around April 6th, 2003.

22          Is that right?

23          MR. CICCONE: Sorry, Judge.  I was reviewing the

24    last one.

02:22:02PM 25          THE COURT: Take your time.

1          **THE DEFENDANT:**  Yes, sir.

2          **THE COURT:** I want to be sure he understands

3 everything.  You okay?

4          **MR. CICCONE:** Okay.

02:22:07PM 5          **THE COURT:**  Is that correct?

6          **THE DEFENDANT:**  Yes, sir.

7          **THE COURT:** There's a third image recovered from

8 your computer involving Minor No. 4.  Initials?

9          **MS. MILLER:**  Her initials are S.R.

02:22:22PM 10          **THE COURT:** S.R., who was approximately between the

11 ages of 3 to 5 years old when the image was created.

12          Is that correct?

13          **THE DEFENDANT:**  Yes, sir.

14          **THE COURT:** And that this individual, known also

02:22:32PM 15 here as Minor No. 4, was in your care and custody.

16          Is that correct?

17          **THE DEFENDANT:**  Yes, sir.

18          **THE COURT:** And the image depicts you engaging in

19 sexually explicit conduct with Minor No. 4.

02:22:42PM 20          Is that right?

21          **THE DEFENDANT:**  Yes, sir.

22          **THE COURT:** This had a creation date -- the image

23 creation date of July 10th, 2003.

24          Is that correct as well?

02:22:53PM 25          **THE DEFENDANT:**  Yes, sir.

1          THE COURT: That each of the images depicting these

2    three individuals we talked about -- Minor 2, Minor 3, and

3    Minor 4 -- were located on digital media which was

4    manufactured outside the State of North Carolina.

02:23:07PM 5          Is that correct?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT: And consequently based upon that, that

8    the images were produced using materials that had traveled in

9    interstate commerce.

02:23:21PM 10          Do you understand that?  Did your attorney explain

11   that to you?

12          THE DEFENDANT:  That's one thing that -- I would

13   like to ask.

14          THE COURT: Go ahead, ask him.

02:23:31PM 15          MR. CICCONE: Judge, I think part of it is when I

16   explained it to Mr. Schliebener, my assumption was that the

17   Government would be able to prove that at trial, and I assume

18   that they will -- they can today offer you --

19          MS. MILLER:  Why don't I do that just to put it on

02:23:45PM 20   the record?

21          THE COURT: Sure.

22          MS. MILLER:  I anticipate that there would be a

23   Western Digital external hard drive.  I can represent to the

24   Court based on testimony that this Court and others have seen

02:23:54PM 25   previously from Western Digital representatives that they, in

1  fact, do not manufacture anything in the United States, and

2  most of their products are manufactured in Malaysia, which

3  would be outside of the State of North Carolina.

4         **THE COURT:** Okay.  Do you understand,

02:24:07PM 5  Mr. Schliebener?  What that means in plain English is that the

6  hard drive where these images were found was actually produced

7  outside of the United States.  So, obviously, they had

8  traveled in foreign commerce, at least let alone interstate

9  commerce.

02:24:27PM 10         Do you understand that?

11         **THE DEFENDANT:**  Yes, sir.

12         **THE COURT:** Do you question that at all?

13         **THE DEFENDANT:**  No, sir.

14         **THE COURT:** Now, the next thing we're going to talk

02:24:34PM 15  about is the sentencing guidelines, which the Court must

16  consider in determining the appropriate sentence in this case.

17  I'm not bound by the guidelines, but I have to consider those,

18  so I'm going to review those with you at this time.

19         Do you understand that the first count involving

02:24:49PM 20  transportation of a minor, specifically Minor No. 1, involves

21  a base offense level of 28?

22         Do you understand that?

23         **THE DEFENDANT:**  When Mr. Ciccone explained these

24  points, I still don't know what they mean, but I agree with

02:25:11PM 25  what he told me, yes.

1    **THE COURT:** Okay.  I've going to try to go through

2 them carefully because, believe me, you're not the first one

3 to be confused by the sentencing guidelines.

4    Sentencing guidelines are really a chart of

02:25:23PM 5 offenses graded through numbers based upon the seriousness of

6 the offense.  And there are certain offenses that have a

7 particular guideline number, base offense level, and there's

8 adjustments to that upward and downward.

9    Do you understand that?

02:25:38PM 10    **THE DEFENDANT:**  Yes, sir.

11    **THE COURT:** Ultimately, the Court will come up with

12 a number called the "total offense level," put it together

13 with a criminal history category of an individual based upon

14 their criminal history, and then there's a chart which shows

02:25:53PM 15 the range of sentence that the Court can impose.

16    Do you understand that?  Have you seen the

17 sentencing chart?  Did you show this at all?

18    **MR. CICCONE:** Yes.

19    **THE COURT:** What I'm showing you is a sentencing

02:26:04PM 20 chart.  Do you know what I mean now?

21    **THE DEFENDANT:**  Yes, sir.

22    **THE COURT:** And so the Court uses a base offense

23 level, along with the criminal history, to determine a range

24 of sentence under the guidelines.

02:26:15PM 25    Do you understand that?

1           **THE DEFENDANT:**  Mm-hmm.

2           **THE COURT:** That's just one consideration of the

3    Court.

4           So starting here, the offense level for the first

02:26:23PM 5    charge, transportation of a minor, is a level 28, base offense

6    level of 28.

7           Do you understand that now?

8           **THE DEFENDANT:**  Yes, sir.

9           **THE COURT:** Okay.  There's some adjustments to that,

02:26:36PM 10    including a two level increase pursuant to the fact the

11    allegation that this involved undue influence of a minor.

12           Do you understand that?

13           **THE DEFENDANT:**  Yes, sir.

14           **THE COURT:** There's an additional two level increase

02:26:50PM 15    based upon the offense involving the use of a computer.

16           Do you understand that as well?

17           **THE DEFENDANT:**  Yes, sir.

18           **THE COURT:** And there's a two level increase based

19    upon the allegation that this involved the commission of

02:27:03PM 20    sexual activity.

21           Do you understand that?

22           **MR. CICCONE:** Judge, that enhancement is actually in

23    dispute.  That's going to be something that we will argue at

24    the time of sentencing.  So as you'll see coming up, there's

02:27:15PM 25    two options as to the final guideline calculation.

1          **THE COURT:** Mr. Schliebener, that last two level

2  increase, because the offense involved an allegation of a

3  commission of a sex act, there would be a two level increase

4  if that is actually proven.

02:27:39PM 5          Do you understand that?

6          **THE DEFENDANT:** Yes, sir.

7          **THE COURT:** Your attorney's indicating -- I'll get

8  to this a little further -- that he's going to challenge that

9  they can prove that if that increase, whether or not that

02:27:48PM 10  increase should be applied.

11          Do you understand?

12          **THE DEFENDANT:** Yes, sir.

13          **THE COURT:** Okay.  Based upon that, those six level

14  increases, if they were all to apply, do you understand that

02:28:09PM 15  the adjusted offense level is a 34?  28 plus those six levels.

16          Do you understand that?

17          **THE DEFENDANT:** Yes, sir.

18          **THE COURT:** Okay.  Now, the counts we're going to

19  talk about, Counts 2, 3 and 4, production of child pornography

02:28:24PM 20  involving a minor, first of all, the first charge involving

21  Minor No. 2, do you understand that charge has a base offense

22  level of 27?

23          **THE DEFENDANT:** Yes, sir.

24          **THE COURT:** That there would be a two level increase

02:28:39PM 25  based upon the fact that the minor was under the age of 16?

1          **THE DEFENDANT:**  Yes, sir.

2          **THE COURT:** And there would be a two level increase

3  based upon the allegation that the minor is a relative of

4  yours.

02:28:50PM 5          Do you understand that?

6          **THE DEFENDANT:**  Yes, sir.

7          **THE COURT:** So when the Court adds those four level

8  increases to the base offense level of 27, do you understand

9  the adjusted offense level for Count 2 is 31?

02:29:02PM10          **THE DEFENDANT:**  Yes, sir.

11          **THE COURT:** Regarding Count 3, again production of

12  child pornography involving Minor No. 3, the base offense

13  level is 27.  There is a four level increase based upon the

14  minor being under the age of 12, and a two level increase

02:29:24PM15  based upon the minor being a relative of yours.

16          Do you understand that?

17          **THE DEFENDANT:**  Yes, sir.

18          **THE COURT:** Okay.  Adding those six level increases

19  to the base offense level of 27 would result in an adjusted

02:29:37PM20  offense level of 33.

21          Do you understand that as well?

22          **THE DEFENDANT:**  Yes, sir.

23          **THE COURT:** Finally, Count 4, which is the

24  production of child pornography involving Minor No. 4, the

02:29:48PM25  base offense level again is 27.  With a four level increase

1  based upon the allegation that the minor had not attained the

2  age of 12, and a two level increase based upon the allegation

3  that the minor was within your control and custody.

4        Do you understand that as well?

02:30:08PM 5        **THE DEFENDANT:**  Yes, sir.

6        **THE COURT:** Based upon adding those six level

7  increases, the base offense level of 27, that the adjusted

8  offense level for that particular count would be 33.

9        Do you understand all that?

02:30:21PM 10        **THE DEFENDANT:**  Yes, sir.

11        **THE COURT:** Now, to make it even more complicated,

12  because there's multiple counts, there's different adjustments

13  that can occur.  They're called "units" based upon the

14  different counts.

02:30:41PM 15        In this particular case, based upon Counts 2, 3 and

16  4, it would result in a four level addition, which would then

17  increase the offense level to 38.

18        Do you understand that?

19        **THE DEFENDANT:**  Yes, sir.

02:30:59PM 20        **MR. CICCONE:** Or 37, Judge.  I'm saying or 37

21  depending on how the parties get to argue the one enhancement.

22        **THE COURT:** All right.  As your attorney just

23  explained, it could also involve an adjusted offense level of

24  37 based upon the arguments of counsel regarding these various

02:31:19PM 25  adjustments.

1          Do you understand that?

2          **THE DEFENDANT:**  Yes, sir.

3          **THE COURT:** Do you understand the Government agrees

4 it will not oppose a recommendation of a two level downward

02:31:30PM 5 adjustment, and will apply to the Court for an additional one

6 level downward adjustment based upon your acceptance of

7 responsibility by your plea of guilty and your acknowledgment

8 of your involvement and responsibility for these offenses?

9          Do you understand that?

02:31:46PM 10          **THE DEFENDANT:**  Yes, sir.

11          **THE COURT:** Based upon that, again, depending if we

12 started at a level 38, three level adjustment would result in

13 a total offense level of 35.  And if the adjusted offense

14 level is 37, minus the three for acceptance of responsibility,

02:32:02PM 15 the total offense level would be 34.

16          Do you understand that?

17          **THE DEFENDANT:**  Yes, sir.

18          **THE COURT:** Okay.  The second part of the

19 calculation involves criminal history.  It's my understanding

02:32:11PM 20 your criminal history category is level I, which is the lowest

21 possible level.

22          Do you understand that?

23          **THE DEFENDANT:**  Yes, sir.

24          **THE COURT:** If the total offense level is 35, with a

02:32:23PM 25 criminal history category of I, the sentencing range under the

1  guidelines would be between 168 months and 210 months.

2         Do you understand that?

3         **THE DEFENDANT:** Yes, sir.

4         **THE COURT:** It would involve a fine of between

02:32:37PM 5  $20,000 and $200,000, and a period of supervised release

6  between five years and life.

7         Do you understand all that?

8         **THE DEFENDANT:** Yes, sir.

9         **THE COURT:** Okay. If on the other hand the total

02:32:48PM 10  offense level is 34 with a criminal history category of I,

11  that the sentencing range would involve a term of imprisonment

12  between 151 months to 188 months, a fine of $17,500 to

13  $175,000, and a period of supervised release of between five

14  years and life.

02:33:10PM 15         Do you understand that as well?

16         **THE DEFENDANT:** Yes, sir.

17         **THE COURT:** Do you understand both the Government

18  and your counsel are agreeing to the calculations of the

19  guideline sentences I just read to you? He's not agreeing

02:33:24PM 20  that they all apply, but he's agreeing that they calculated

21  that properly.

22         Do you understand that?

23         **THE DEFENDANT:** Yes, sir.

24         **THE COURT:** Do you understand that if for some

02:33:33PM 25  reason this plea was vacated or set aside, that the charges

1  would be reinstated as they were previously charged against

2  you?

3  Do you understand that?

4  **THE DEFENDANT:** Yes, sir.

02:33:44PM 5  **THE COURT:** And also you'll be giving up your

6  defense, what's called the "statute of limitations defense,"

7  which is the time limit to file charges.

8  Do you understand that as well?

9  **THE DEFENDANT:** Yes, sir.

02:34:07PM 10  **THE COURT:** Do you understand that the Government

11  has reserved their right to provide Probation with information

12  regarding these offenses as well as your background and

13  criminal history?

14  **THE DEFENDANT:** Yes, sir.

02:34:16PM 15  **THE COURT:** That they are reserving their right to

16  respond at the time of sentencing to any statements you make

17  to Probation or to the Court?

18  **THE DEFENDANT:** Yes, sir.

19  **THE COURT:** That they can advocate for a specific

02:34:26PM 20  sentence consistent with this agreement.

21  Do you understand that?

22  **THE DEFENDANT:** Yes, sir.

23  **THE COURT:** That they can oppose an application for

24  downward departure.

02:34:37PM 25  Do you understand that as well?

1          **THE DEFENDANT:** Yes, sir.

2          **THE COURT:** And that at the time of sentencing, the

3  Government will move to dismiss the open count pending against

4  you.

02:34:47PM  5          Is that correct?

6          **THE DEFENDANT:** Yes, sir.

7          **THE COURT:** Do you understand that?

8          **THE DEFENDANT:** Yes.

9          **THE COURT:** Do you understand you've agreed to

02:34:52PM 10  provide any financial records or information to determine your

11  ability to pay any unpaid financial obligations, including

12  fines or restitution or assessments?

13          Do you understand that?

14          **THE DEFENDANT:** Yes, sir.

02:35:04PM 15          **THE COURT:** Okay.  And do you understand you're

16  limiting your right to appeal the sentence imposed as long as

17  the Court does impose a sentence within the parameters of this

18  agreement?

19          Do you understand you're giving up your right to

02:35:17PM 20  appeal that particular sentence?  Do you understand that?

21          **THE DEFENDANT:** Yes, sir.

22          **THE COURT:** There's also a provision here indicating

23  that you've agreed to forfeit or give up any right or interest

24  in computer media seized from your residence in or about

02:35:36PM 25  October 2010.

1          Is that correct?

2                    **THE DEFENDANT:**  Yes, sir.

3                    **THE COURT:** Do you have anymore specific description

4     of that?

02:35:43PM 5                    **MS. MILLER:**  Yes, Your Honor.  There will be a

6     laptop.  There is, I believe in addition to the red Western

7     Digital hard drive, I believe there's also a silver external

8     hard drive, and there are a few thumb drives and SD cards.

9                    **THE COURT:** Those were all seized from the

02:35:57PM 10    defendant's house?

11                    **MS. MILLER:**  They were, Your Honor.

12                    **THE COURT:** Okay.  Do you understand that,

13    Mr. Schliebener?

14                    **THE DEFENDANT:**  Sir?

02:36:02PM 15                    **THE COURT:** Do you understand that?

16                    **THE DEFENDANT:**   Yes, sir.

17                    **THE COURT:** You'll be giving up your right to

18    request any of that particular equipment back.

19                    Do you understand that?

02:36:10PM 20                    **THE DEFENDANT:**   Yes, sir.

21                    **THE COURT:** That would be forfeited to the

22    Government for disposal.

23                    Do you understand?

24                    **THE DEFENDANT:**   Yes, sir.

02:36:17PM 25                    **THE COURT:** Okay.  Anything else in the plea

1  agreement?

2        **MS. MILLER:**  Not in the plea agreement, no.  Thank

3  you, Your Honor.

4        **THE COURT:** Mr. Schliebener, do you understand

02:36:27PM 5  everything at this point?

6        **THE DEFENDANT:**  Yes, sir.

7        **THE COURT:** Anything you need to ask Mr. Ciccone?

8        **THE DEFENDANT:**  No, sir.

9        **THE COURT:**  If you could sign the plea agreement?

02:37:20PM 10        The Court does have the plea agreement which has

11  been signed in open court by Ms. Miller, by Mr. Ciccone and by

12  the defendant Mr. Schliebener.

13        Do you have the waiver?

14        **MR. CICCONE:** Doing it right now, Judge.

02:37:36PM 15        **THE COURT:** Mr. Schliebener, do you understand that

16  by signing this document called the "waiver of indictment," we

17  discussed this at the beginning of our conversation, what

18  you're doing is you're giving up your right to have this case

19  presented to a grand jury?

02:38:08PM 20        **THE DEFENDANT:**  Yes, sir.

21        **THE COURT:** And instead of an indictment filed by a

22  grand jury, there will be a superseding information filed

23  against you charging in Count 1 of transportation of a minor

24  and in Counts 2, 3 and 4 with knowing production of child

02:38:22PM 25  pornography.

1          **THE DEFENDANT:**   Yes, sir.

2          **THE COURT:** That that information has the same force

3  and effect as an indictment filed by a grand jury.

4          **THE DEFENDANT:**   Yes, sir.

02:38:28PM 5          **THE COURT:** Okay.  Based upon the defendant's

6  indication he is understanding the Court, I'll sign the waiver

7  of indictment at this time.

8          Are you ready to proceed at this time with the

9  plea?

02:38:47PM 10          **THE DEFENDANT:**   Yes, sir.

11          **THE COURT:** Anything you want to ask Mr. Ciccone?

12          **THE DEFENDANT:**   No.

13          **THE COURT:** Mr. Schliebener, I'm going to read these

14  counts to you and then ask you how you plead to each of the

02:38:59PM 15  counts, guilty or not guilty.

16          Count 1 charges you with transportation of a minor,

17  reading as follows: That between on or about October 1st, 2010

18  and on or about October 2nd, 2010, in the Western District of

19  New York and elsewhere, that you the defendant, William

02:39:22PM 20  Herbert Schliebener, Junior did knowingly transport an

21  individual who had not attained the age of 18 years, that is

22  Minor No. 1, in interstate commerce from Canandaigua, New York

23  to the State of North Carolina with intent that such

24  individual engage in sexual activity for which any person can

02:39:44PM 25  be charged with a criminal offense.

1          I'd ask you how you plead to that charge, guilty or

2     not guilty?

3               **THE DEFENDANT:**   Guilty.

4               **THE COURT:** The second count, knowing production of

02:39:57PM 5  child pornography, stating that some time in the year 2000,

6     the exact date being unknown, in the Eastern District of

7     North Carolina, that you the defendant, William Herbert

8     Schliebener, Junior, did knowingly use a minor, a person under

9     the age of 18 years, that is Minor No. 2, to engage in

02:40:19PM 10 sexually explicit conduct for the purpose of producing a

11    visual depiction of such conduct, which visual depiction was

12    produced using materials that had been mailed, shipped and

13    transported in interstate and foreign commerce.

14          How do you plead to that charge?

02:40:37PM 15      **THE DEFENDANT:**   Guilty.

16              **THE COURT:**   The third count charges you with

17    knowing production of child pornography on or about April 6th,

18    2003, in the Eastern District of North Carolina, that you the

19    defendant, William Herbert Schliebener, Junior, did knowingly

02:40:55PM 20 use a minor, a person under the age of 18 years, that is Minor

21    No. 3, to engage in sexually explicit conduct for the purpose

22    of producing a visual depiction of such conduct, which visual

23    depiction was produced using materials that had been mailed,

24    shipped and transported in interstate and foreign commerce.

02:41:19PM 25      **THE DEFENDANT:**   Guilty.

1          **THE COURT:** The fourth count, knowing production of

2    child pornography, indicating that on or about July 10th,

3    2003, in the Eastern District of North Carolina, the

4    defendant, William Herbert Schliebener, Junior, did knowingly

02:41:37PM 5    use a minor, a person under the age of 18 years, that is Minor

6    No. 4, to engage in sexually explicit conduct for the purpose

7    of producing a visual depiction of such conduct, which visual

8    depiction was produced using materials that had been mailed,

9    shipped and transported in interstate and foreign commerce.

02:42:02PM 10          How do you plead to that at this time?

11          **THE DEFENDANT:**   Guilty.

12          **THE COURT:** The forfeiture allegation we can handle

13    at the time of sentencing?

14          **MS. MILLER:**   We can, Your Honor.

02:42:10PM 15          **THE COURT:** The Court has had the opportunity to

16    observe Mr. Schliebener.  He did indicate that he takes some

17    medications for headaches.

18          Is that right?

19          **THE DEFENDANT:**   Migraine headaches, arthritis, and

02:42:26PM 20    to keep my blood running, something other through my -- I

21    don't know what the aspirin is for.  The doctor just told me

22    to take it.

23          **THE COURT:** In any event, Mr. Schliebener did

24    indicate he did take aspirin and other medication that in no

02:42:39PM 25    way affects his ability to understand anything that's being

1    said.

2           That he has been represented by Mr. Ciccone, that

3    he's satisfied with his representations.  That he did review

4    the plea agreement prior to today with him.  Nobody forced him

02:42:54PM 5    or coerced him into this particular plea.

6           He did articulate a factual basis to support each

7    of the counts of the superseding information, including one

8    count of transportation of a minor and three counts of knowing

9    production of child pornography.

02:43:17PM 10           He did indicate he understood his right to proceed

11    to trial . In fact, is aware of the fact that the Court was

12    prepared to pick a jury on Monday of next week to begin jury

13    selection in this particular matter and that he was giving up

14    that right by pleading guilty, and also his right to have the

02:43:35PM 15    Government prove the case against him, and his right to

16    question any evidence, present any evidence himself or testify

17    at any proceeding.

18           Based upon all that, the Court does find that the

19    plea is in all respects knowing and voluntary.  The Court does

02:43:54PM 20    acknowledge that Mr. Schliebener on a few occasions did ask

21    Mr. Ciccone some questions, very appropriate questions, based

22    upon most particularly the calculation of the guidelines,

23    which is confusing for anybody, but he did indicate that he

24    did speak to Mr. Ciccone and did understand what the Court was

02:44:14PM 25    advising him of.

1        Based upon all that, the Court does find the plea

2   to be in all respects knowing and voluntary and does accept

3   the plea of guilty to the four counts of the superseding

4   information.

02:44:45PM 5        I will put the matter on for July 10th, 3:00 p.m.

6   for sentencing.

7        Mr. Schliebener, Probation will be in contact with

8   you to discuss this matter, but it's important that

9   Mr. Ciccone be aware of any contact you have because I'm sure

02:45:02PM 10 he wants to be present or aware of what you have to say to

11  Probation.  It's important the information in that report, it

12  will determine ultimately what sentence I impose.

13        I'll obviously hear from the Government, from your

14  counsel and from you and from Probation to determine the

02:45:18PM 15 appropriate sentence, okay?

16                    **THE DEFENDANT:**   Yes.

17                    **THE COURT:** He's currently being detained?

18                    **MR. CICCONE:** Yes, Judge.

19                    **THE COURT:** He'll continue to be detained pending

02:45:24PM 20 sentencing.  Okay, thank you.

21                    (**WHEREUPON**, the proceedings adjourned at 2:46 p.m.)

22                              *   *   *

23

24

25

1

2                    **CERTIFICATE OF REPORTER**

3

4          In accordance with 28, U.S.C., 753(b), I certify that

5    these original notes are a true and correct record of

6    proceedings in the United States District Court for the

7    Western District of New York before the Honorable Frank P.

8    Geraci, Jr. on April 4th, 2014.

9

10   S/ Christi A. Macri

11   Christi A. Macri, FAPR-RMR-CRR-CRI
     Official Court Reporter

12

13

14

15

16

17

18

19

20

21

22

23

24

25